UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br><br>LISA IRENE BRIGMAN and STEVEN G. CORK,<br>    Defendants. | NO. CR-08-029-JLQ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

    A pretrial conference was held in the above-captioned case on September 12, 2008. Defendant Steven G. Cork was present and represented by Robert Kovacevich. Defendant Lisa Brigman was present and represented by Aaron Lowe. Assistant United States Attorney Jane Kirk appeared on behalf of the Government.

    Before the court is Defendant Cork's Motion to Dismiss (Ct. Rec. 31) the Indictment, in which Defendant Brigman has joined. Also before the court is Defendant Brigman's Motion for Joinder (Ct. Rec. 44) in the Reply Memorandum filed by Cork. After hearing argument on the motion to dismiss, the court orally denied the motion. The following order is entered to memorialize and supplement the court's oral ruling.

## DISCUSSION

    Defendants' motion requests dismissal of all charges against them. Defendants have been indicted on charges of violating the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. §§ 2342(a). Ct. Rec. 1. Count 1 alleges the Defendants conspired to "knowingly ship, transport, receive, possess and distribute contraband cigarettes."

ORDER - 1

Count 2 alleges the Defendants did knowingly transport and possess contraband cigarettes. Count 3 is a forfeiture count of the property allegedly constituting or proceeds derived as result of the violations alleged in Counts 1 and 2. The Indictment was issued after 72,000 unstamped cigarettes were seized from a van owned by Brigman and driven by Cork and additional unstamped cigarette undercover purchases were made by government agents from Brigman's retail establishment. Ct. Rec. 1.

Under the CCTA, it is "unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes." 18 U.S.C. § 2342(a). The CCTA incorporates state law to define "contraband cigarettes:" " 'Contraband cigarettes' means a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found," and which are in the possession of a person not otherwise authorized by the State to possess such cigarettes. Id. § 2341(2).

Whether Defendants transported or possessed contraband cigarettes thus turns on Washington state law. *U.S. v. Smiskin,* 487 F.3d 1260, 1263 (9th Cir. 2007)("*Smiskin*"). The State generally requires wholesalers to affix either a "tax paid" or "tax exempt" stamp to cigarette packaging prior to sale. See Rev.Code Wash. § 82.24.030. Moreover, Washington law also states that "[n]o person other than: (a) A licensed wholesaler in the wholesaler's own vehicle; *or* (b) a person who has given notice to the board in advance of the commencement of transportation shall transport or cause to be transported in this state cigarettes not having the stamps affixed to the packages or containers." RCW 84.24.250. Thus, individuals other than licensed wholesalers may only transport unstamped cigarettes if they have given notice to the Liquor Control Board in advance of the commencement of the transportation. Absent compliance with RCW 84.24.250, the cigarettes so transported are deemed contraband. RCW 84.24.250(4).

As explained in *Smiskin*, although states cannot tax cigarettes sold to tribal members on Indian reservations, they may tax on-reservation sales to non-Indians. 487 F.3d at 1263 n.4 (citing *Washington v. Confederated Tribes of the Colville Reservation*,

ORDER - 2

447 U.S. 134, 160-61, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980) (" Colville ") and *Moe v. Confederated Salish and Kootenai Tribes of the Flathead Reservation*, 425 U.S. 463, 480-81, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976)("*Moe*").  "By requiring notice from tribal members before they transport unstamped cigarettes within the State, Washington is able to track cigarette imports for the purpose of enforcing the lawful tax on sales to non-Indians." *Id*.

*United States v. Baker*, 63 F.3d 1478, 1487 (9th Cir. 1995), *cert denied*, 516 U.S. 1097 (1966) validated Washington's pre-approval requirements for the shipment of unstamped cigarettes and held that the CCTA was a law of general applicability, "presumed to apply with equal force to Indians." 63 F.3d at 1484.  More recently, *U.S. v. Smiskin,* 487 F.3d 1260 (9th Cir. 2007) affirmed that transportation of unstamped cigarettes without obtaining prior approval from the State of Washington, was a violation of Washington law and the cigarettes were therefore unauthorized under state law and contraband under the CCTA.  However, that court clarified that a federal statute of general applicability that is silent on the issue of applicability to Indian tribes will not apply to them if the application of the law to the tribe would abrogate rights guaranteed by Indian treaties. The *Smiskin* court then held that the application of Washington's pre-notification requirement violated the Yakama Treaty's "right to travel" provision, and therefore could not be a basis for prosecution under the CCTA.

The court rejects Defendants' contentions that *Smiskin* "eviscerat[ed]" the holding of *Baker* and that *Smiskin* stands for the broad proposition that Indians were not intended to be covered by the CCTA.  Ct. Rec. 32 at 3.  As there is no treaty to apply in this case there can be no argument made that this case falls within an Indian *treaty* exception, as was the determinative factor in *Smiskin.  See Washington v. Confederated Tribes of Colville Indian Reservation*, 447 U.S. 134,  143 n. 12 (1980)(noting that the Colville Reservation was established by Executive Order on July 2, 1872).

Defendants also ask this court to dismiss the Indictment on the basis that "the reservation business of Lisa Brigman, an enrolled Indian, doing business and residing on

ORDER - 3

the [Colville] reservation of her membership, cannot be regulated by the State of Washington" because "Congress did not approve the state's regulation of cigarette sales of Indians on their reservations." Ct. Rec. 32 [Def.'s Memo in Support] at 2. Defendants argue that the State cigarette tax law in its present form is invalid because of statutory changes (RCW 82.24.080(1)), which Defendants argue impose the legal incidence of the tax directly on the tribal Indian.

*Oklahoma Tax Comm'n v. Chickasaw Nation*, 515 U.S. 450, 458, 115 S.Ct. 2214, 132 L.Ed.2d 400 (1995) held that "[t]he initial and frequently dispositive question in Indian tax cases ... is who bears the legal incidence of [the] tax,", and that the states are categorically barred from placing the legal incidence of an excise tax " on a tribe or on tribal members for sales made inside Indian country " without congressional authorization, *id*., at 459, 115 S.Ct. 2214. However, the current version of the Washington statutory scheme does not impose a tax on member Indians (see RCW 82.24.080(2)), and it remains valid under federal law. *See Nevada v. Hicks*, 533 U.S. 353, 362, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001). Moreover, Ms. Brigman's status as an Indian retailer does not prevent the State from imposing requirements regarding her activities off-reservation, including the transportation of cigarettes into the State. *See Colville*, 447 U.S. at 159-61.

Defendants also contend recent Supreme Court cases on federal preemption invalidate the application of the Washington state cigarette tax laws in this case and that as a result of these cases, "no state, including Washington, can restrict cigarettes destined interstate to Indian reservations." Ct. Rec. 32 at 26. Relying primarily on *Rowe v. New Hampshire Motor Transportation Association*, 128 S.Ct. 989, 995 (2008), Defendants argue they are exempt from the pre-notification law because it requires Indian individuals to "haul their own cigarettes to achieve an exemption" and "transportation is part of the Indian's primary business." Ct. Rec. 32 at 28.

In *Rowe,* the Supreme Court interpreted the scope of a preemption statute (49 U.S.C. § 14501(c)(1)) related to the deregulation of trucking and motor carriers. The

ORDER - 4

Court held that federal law preempted Maine state law that "forbids licensed tobacco retailers to employ a 'delivery service' unless that service follows particular delivery procedures." *Id.* at 995. The state regulation required tobacco retailers to utilize a delivery service which provided a special recipient-verification service to ensure that tobacco is not getting into the hands of minors. *Id.* at 993-94. The Court in *Rowe* held that the state statute was preempted because it would require carriers "to offer tobacco delivery services that differ significantly from those that, in the absence of the regulation, the market might dictate." *Id*. at 996.  In holding that the federal law preempted the state law, the Supreme Court also reiterated that state laws affecting the prices, routes, or services of a motor carrier in a tenuous, remote, or peripheral manner or that had less than a significant impact in these areas are not preempted by federal law. *Id.* at 995, 997.

There is no contention the state laws at issue in *Rowe* are analogous to those at issue in this case.  Second, Defendants can not meet the high standard of demonstrating that the Washington law at issue in this case creates a "*significant* impact" on carriers resulting in preemption by federal law.  Indeed, under RCW 82.24.250, anyone may transport unstamped cigarettes so long as they pre-notify the State prior to transporting. Moreover, common and contract carriers are exempt from the seizure and forfeiture provisions if the unlawful act or omission of the carrier was committed without his or her knowledge or consent.  RCW 82.24.130(b)(I)-(iii).

Defendants also argue the state law is discriminatory against Indians by exempting certain groups from the notice provision, by exempting all military base transportation and sales of cigarettes from state tax, and by restricting Indian sales by quotas and notices of transportation.  While the United States Supreme Court has upheld taxes for on-reservation cigarette sales to non-Indians or nontribal Indians, it has specifically prohibited state taxes on cigarettes sold to federal instrumentalities, like military bases. *See Colville*, 447 U.S. at 160; *Hancock v. Train*, 426 U.S. 167, 178-79, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976). Washington's cigarette tax law recognizes this prohibition. Moreover, the type of quota system complained of has been approved by the Supreme

ORDER - 5

Court in *Dep't of Taxation and Finance of New York v. Milhelm Attea & Bros., Inc.*, 512 U.S. 61, 114 S.Ct. 2028, 129 L.Ed.2d 52 (1994)(quota on tax exempt cigarettes that wholesalers could sell on reservation and record keeping requirements imposed on Indian traders did not impose excessive burden). For these reasons, the Ninth Circuit has also rejected similar equal protection arguments. *See Baker*, 63 F.3d at 1490-91. Moreover, *Cabazon Band of Mission Indians v. Smith,* 388 F.3d 691, 699 (9th Cir. 2004) does not change this analysis or *Baker's* similar conclusion. Unlike the tribe and State's similar public safety interests in the use of emergency light bars on patrol vehicles at issue in *Cabazon,* the tribe and the State are not "similarly situated" when it comes to taxation interests or tax enforcement, nor has it been demonstrated that the State cigarette tax law somehow unduly burdens the tribe's ability to self-govern.

Lastly, Defendants make several arguments which the court rejects. There is no authority for the argument that because the cigarettes "never entered the State of Washington on non-aboriginal tribal land," they ought not be regulated by the State. Also, Defendants related argument that unstamped cigarettes may be possessed for a reasonable time in Idaho is not relevant to the application of Washington state law in this case.

## CONCLUSION

For the foregoing reasons, Defendant Cork's Motion to Dismiss (Doc. 31), joined by co-Defendant Brigman, is **DENIED**. Brigman's Motion for Joinder in the Reply memorandum filed by Cork (Ct. Rec. 44) is **GRANTED**.

IT IS **SO ORDERED.** The Clerk of the Court is directed to enter this order and forward copies to counsel.

Dated this 15th day of September, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE